ASK LLP
Joseph L. Steinfeld, Jr., Esq.
2600 Eagan Woods Dr., Ste. 400
St. Paul, MN 55121
Telephone: (651) 405-9665
Fax: (651) 406-9676
E-Mail: jsteinfeld@askllp.com

Edward E. Neiger
Jennifer A. Christian
151 West 46th Street, 4th Floor
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
E-mail: jchristian@askllp.com

*Counsel to Shinsung E&G Co., Ltd.*
*(f/k/a Shinsung Solar Energy Co., Ltd.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>SUNEDISON, INC., *et al.,*<br><br>                                   Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 16-10992 (SMB)<br><br>(Jointly Administered) |
|---|---|
| SUNEDISON LITIGATION TRUST,<br><br>                                   Plaintiff,<br>v.<br><br>SHINSUNG SOLAR ENERGY CO. LTD.,<br><br>                                   Defendant. | Adversary Number: 18-01385 (SMB) |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (NIA); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML I, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEY Merger Sub Inc. (NIA); Sunflower Renewable Holdings I, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (NIA); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (NIA); Rattlesnake Flat Holdings, LLC (NIA); Somerset Wind Holdings, LLC (NIA); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

(continued…)

**ANSWER TO FIRST AMENDED COMPLAINT TO: (I) AVOID
AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548
AND 550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Shinsung E&G Co., Ltd. (f/k/a Shinsung Solar Energy Co., Ltd.), by and through its undersigned counsel, files this *Answer to First Amended Complaint to: (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)*,[2] and respectfully submits:

## NATURE OF CASE

1. Paragraph 1 of the Complaint is a characterization of this action and the relief sought and does not require a response.

## JURISDICTION AND VENUE

2. Defendant admits the allegations in paragraph 2 of the Complaint. To the extent permitted by applicable law, Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article II of the United States Constitution.

3. Defendant admits the allegations in paragraph 3 of the Complaint, in part. To the extent the allegations in paragraph 3 are a statement of consent by Plaintiff, no response is required.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint that proceedings to, among other things, determine, avoid or recover transfers pursuant to §§ 547, 548 and 550 of the Bankruptcy Code are denominated "core proceedings" pursuant to 28 U.S.C. § 157(b)(2).

---

[2] The *First Amended Complaint to: (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)* will be referred to herein as the "Complaint."

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, which are therefore denied.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, which are therefore denied.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, which are therefore denied.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, which are therefore denied.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, which are therefore denied.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, which are therefore denied.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, which are therefore denied.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, which are therefore denied.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, which are therefore denied.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, which are therefore denied.

20. Paragraph 20 of the Complaint contains a reservation of rights as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

## **FIRST CAUSE OF ACTION**
**(Avoidance and Recovery of Preferential Transfers)**

21. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, which are therefore denied.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, which are therefore denied.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, which are therefore denied.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, which are therefore denied.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, which are therefore denied.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, which are therefore denied.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of 90-Day Fraudulent Transfers)

31. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims)

35. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not hereinabove expressly admitted and Defendant further denies that Plaintiff is entitled to any relief or recovery whatsoever from Defendant in this action.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, as and for its affirmative defenses to the allegations asserted in the Complaint, Defendant states and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, setoff and/or recoupment, release, or laches.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(1), Plaintiff's claims for avoidance and recovery of alleged preferential transfers are barred to the extent that each of the alleged preferential transfers was intended by Defendant and the Debtor to be a contemporaneous exchange for new value provided by Defendant to the Debtor.

## FOURTH AFFIRMATIVE DEFENSE

Each of the alleged preferential transfers actually received by Defendant was executed in payment of a debt incurred by the Debtor in the ordinary course of its business and, further, each of the alleged transfers was made in the ordinary course of business between the Defendant and the Debtor and/or according to ordinary business and industry terms.  Accordingly, pursuant to 11 U.S.C. § 547(c)(2), the Trustee may not avoid or recover any of the alleged preferential transfers received by the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

After each of the alleged preferential transfers actually received by the Defendant was executed, Defendant provided new value to or for the benefit of the Debtor which was not secured by an otherwise unavoidable security interest, and on account of which the Debtor did not make

an otherwise unavoidable transfer to or for the benefit of the Defendant. Accordingly, Plaintiff may not avoid or recover any alleged preferential transfers received by the Defendant pursuant to 11 U.S.C. § 547(c)(4).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's prayer to recover costs and expenses of this lawsuit from the Defendant lacks any basis in law or equity and should be denied accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's prayer to recover interest from the Defendant from the date of the alleged transfers lacks any basis in law or equity and should be denied accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to the Complaint, and each purported cause of action thereof, Defendant, without admitting that the Complaint states a claim, submits that the Complaint and each purported cause of action thereof, is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant's contracts were assumed, or assumed and assigned, in the Debtors' bankruptcy case, Plaintiff is estopped from pursuing claims for avoidance and recovery of alleged preferential and fraudulent transfers as asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead with the requisite specificity required under Fed. R. Bankr. P. 7009, which incorporates Fed. R. Civ. P. 9(b).

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to meet the requirements for a fraudulent transfer under the Bankruptcy Code. Defendant received the alleged transfers for value or fair consideration, in good

faith, without knowledge of the purported avoidability of such transfers and in satisfaction of a pre-existing debt.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the Debtors were solvent at the time they made a challenged transfer, Plaintiff may not avoid the challenged transfer under 11 U.S.C. § 547 and/or § 548.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged fraudulent transfers may not be recovered from Defendant under § 550(a) of the Bankruptcy Code where Defendant is not (a) an initial transferee of the transfers, (b) the entity for whose benefit the transfers were made, or (c) an immediate or mediate transferee of the transfers.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is an immediate or mediate transferee of any alleged fraudulent transfers, any such transfer is not recoverable from Defendant under § 550(b) of the Bankruptcy Code where Defendant took any such transfer for value, in good faith and without knowledge of the voidability of the transfer received.

## RESERVATION OF RIGHTS

The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may be available or determined after discovery is undertaken. Defendant gives notice that it intends to rely upon any defenses available, and reserves the right to assert any other additional defenses that may become available or apparent at any time during the pendency of this proceeding. Defendant further does not consent to the issuance by the Bankruptcy Court of findings of fact, conclusions of law, or final orders or judgments.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury for all issues deemed so triable.

**WHEREFORE**, Defendant requests entry of judgment (1) dismissing the Complaint with prejudice, (2) denying Plaintiff's request for interest from the date of the alleged transfers and reimbursement of costs, (3) ordering Plaintiff to reimburse Defendant for its costs (including attorneys' fees) incurred in responding to the Complaint, and (4) granting such other and further relief as may be just and proper.

Dated: January 31, 2019

RESPECTFULLY SUBMITTED,

ASK LLP

By */s/ Edward E. Neiger*
Jospesh L. Steinfeld, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Tel: 651-289-3850
Fax: 651-406-9676
E-mail: jsteinfeld@askllp.com

*-and-*

Edward E. Neiger, Esq.
Jennifer A. Christian, Esq.
151 West 46th Street, 4th Floor
New York, NY 10036
Tel: 212-528-0156
Fax: 212-918-3427
E-mail: jchristian@askllp.com

*Counsel to Shinsung E&G Co., Ltd. (f/k/a Shinsung Solar Energy Co., Ltd.)*